IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

SONJIA LASHAY SHELTON,
     Plaintiff,

v.

                                                Cause No.: 3:25-cv-00071

CROTHALL HEALTHCARE, INC., and
TENET HOSPITALS LIMITED d/b/a
THE HOSPITALS OF PROVIDENCE -
TRANSMOUNTAIN CAMPUS, and
COMPASS GROUP USA, INC.
     Defendants.

PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE COURT:

Plaintiff, Sonjia Lashay Shelton ("Plaintiff" or "Employee Shelton"), now files this Original Complaint against Defendant Crothall Healthcare, Inc. ("Employer Crothall" or "Defendant Crothall"), Defendant Tenet Hospitals Limited d/b/a The Hospitals of Providence - Transmountain Campus ("Employer Providence" or "Defendant Providence") and Defendant Compass Group USA, Inc. ("Employer Compass" or "Defendant Compass") and respectfully shows as follows:

## I. PARTIES

1. Plaintiff, Sonjia Lashay Shelton, is a natural person residing in El Paso, Texas.

2. Defendant Crothall Healthcare, Inc. is a foreign for-profit corporation organized under the laws of the State of Delaware, which may be served with process by serving its registered agent, Corporation Services Company d/b/a CSC-Lawyers, Incorporating Service Company, at 211 E. 7th St. Suite 620, Austin, TX 78701, or wherever it may be found.

3. Defendant Tenet Hospitals Limited d/b/a The Hospitals of Providence - Transmountain Campus is a domestic limited partnership organized under the laws of the State of Texas, which may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St. Suite 900, Dallas, TX 75201, or wherever it may be found.

4. Defendant Compass Group USA, Inc. is a foreign for-profit corporation organized under the laws of the State of Delaware, which may be served with process by serving its registered agent, Corporation Services Company d/b/a CSC-Lawyers, Incorporating Service Company, at 211 E. 7th St. Suite 620, Austin, TX 78701, or wherever it may be found.

## II. JURISDICTION

5. Jurisdiction is proper in this Honorable Court based on federal question jurisdiction.

## III. CHRONOLOGY OF FACTS

6. Employers must prevent bigoted supervisors from treating employees differently just because of their race to protect employees from emotional traumas and financial losses from illegal discrimination.

7. Employers must prevent bigoted supervisors from treating employees differently just because of their national origin to protect employees from emotional traumas and financial losses from illegal discrimination.

8. Employers must prevent job retaliation by bigoted executives and managers against employees who oppose and report illegal racial or national origin discrimination at work and protect employees from emotional trauma and financial losses due to job terminations.

9.  Employers must prevent job retaliation against employees who testify or are about to testify in a workers' compensation proceeding and protect employees from emotional trauma and financial losses due to job terminations.

10. Crothall, Providence, and Compass are employers.

11. Employer Crothall, Employer Providence, and Employer Compass each must prevent its bigoted supervisors from treating employees differently just because of their race to protect employees from emotional traumas and financial losses from race discrimination.

12. Employer Crothall, Employer Providence, and Employer Compass each must prevent its bigoted supervisors from treating employees differently just because of their national origin to protect employees from emotional traumas and financial losses from national origin discrimination.

13. Employer Crothall, Employer Providence, and Employer Compass each must prevent job retaliation by bigoted executives and managers against employees who oppose and report illegal racial or national origin discrimination at work and protect employees from emotional trauma and financial losses due to job terminations.

14. Employer Crothall, Employer Providence, and Employer Compass each must prevent job retaliation by bigoted executives and managers against employees who testify or are about to testify in a workers' compensation investigation/proceeding and protect employees from emotional trauma and financial losses due to job terminations.

15. On or about May 2022, Employer Crothall, Employer Providence, and Employer Compass jointly hires an Employee as a Supervisory Operating Room Housekeeper.

16. Employer Crothall, Employer Providence, and Employer Compass know the Employee is African American.

## **Employee complaints of racial discrimination are ignored**

17. Employer Crothall, Employer Providence, and Employer Compass know the Employee receives complaints from another African American employee, named Larry Williams, of racist abuse.

18. Employer Crothall, Employer Providence, and Employer Compass know that Larry Williams complains that other Hispanic co-workers Lorena Mata and Maria LNU intentionally get in Williams' way when he is cleaning, and intentionally make rooms dirty so Williams has more work to do.

19. Employer Crothall, Employer Providence, and Employer Compass know this because the Employee complains of this racial discrimination to supervisor Elva Williams.

20. Employer Crothall, Employer Providence, and Employer Compass know that supervisor Elva Williams does nothing to correct this racist discrimination.

21. Employer Crothall, Employer Providence, and Employer Compass know that the Employee is told by Lorena Mata that Williams is "lazy" because "that's how *they* are."

22. Employer Crothall, Employer Providence, and Employer Compass know this because Employee complains in good faith of this racial discrimination to supervisor Mary LNU, the assistant director at the hospital.

23. Employer Crothall, Employer Providence, and Employer Compass know that supervisor Mary LNU does nothing to correct this racist discrimination.

24. Employer Crothall, Employer Providence, and Employer Compass know that Employee complains to supervisor Elva Williams that a trash technician named Patricio LNU refers to the African American employees as "**colored.**"

25.    Employer Crothall, Employer Providence, and Employer Compass know that supervisor Elva Williams does nothing to correct this racist discrimination.

26.    Employer Crothall, Employer Providence, and Employer Compass know that Employee complains to supervisor Elva Williams that Lorena Mata refers to an Asian co-worker as "**China girl**."

27.    Employer Crothall, Employer Providence, and Employer Compass know that supervisor Elva Williams does nothing to correct this racist discrimination.

28.    Employer Crothall, Employer Providence, and Employer Compass know that Employee complains to supervisor Elva Williams that two Hispanic co-workers  accuse Employee of being a racist merely because she does not speak Spanish.

29.    Employer Crothall, Employer Providence, and Employer Compass know that supervisor Elva Williams does nothing to correct this racist discrimination.

30.    Employer Crothall, Employer Providence, and Employer Compass know that Employee complains to supervisor Elva Williams that Lorena Mata baselessly and falsely accuses another African American co-worker of planning to shoot people at the hospital merely because he has a license to carry a concealed firearm.

31.    Employer Crothall, Employer Providence, and Employer Compass know that supervisor Elva Williams does nothing to correct this racist discrimination.

32.    Employer Crothall, Employer Providence, and Employer Compass know that Employee complains of all of these issues of racial discrimination to Bobby Hall, the regional manager for Crothall.

33.    Employer Crothall, Employer Providence, and Employer Compass know that regional manager Bobby Hall does nothing to correct this racist discrimination.

**Employer retaliates against Employee for complaining of racial discrimination**

34.  Employer Crothall, Employer Providence, and Employer Compass know that on July 9, 2024, Employee's subordinate Isabel Diaz came in late to work and refused to begin working when she arrived.

35.  Employer Crothall, Employer Providence, and Employer Compass know that Isabel Diaz screamed at Employee and refused to start working because Employee reported this to administrative assistant Christy Noriega.

36.  Employer Crothall, Employer Providence, and Employer Compass know that Employee alerts operations manager Miriam Hernandez in Hernandez's office that Isabel Diaz is refusing to work and that others on the floor are also complaining about her refusal to work.

37.  Employer Crothall, Employer Providence, and Employer Compass know that when Employee and Hernandez the office and enter the public floor of the hospital, Isabel Diaz immediately begins screaming at Employee and Hernandez in full view of the public, as well as doctors and nurses.

38.  Employer Crothall, Employer Providence, and Employer Compass know that Hernandez has Employee and Isabel Diaz go into Hernandez's office.

39.  Employer Crothall, Employer Providence, and Employer Compass know that Isabel Diaz is immediately terminated and escorted off the premises by security.

40.  Employer Crothall, Employer Providence, and Employer Compass know that on her way out, Isabel Diaz glares at Employee, and Employee asks Isabel Diaz, "what's the problem?"

41. Employer Crothall, Employer Providence, and Employer Compass know that on July 16, 2024, supervisor Elva Williams calls Employee into her office to let Employee know that the Employee is suspended for asking Isabel Diaz, "what's the problem?"

42. Employer Crothall, Employer Providence, and Employer Compass know that on July 18, 2024, Human Resources tells Employee that she can come back to work on *a final warning*.

43. Employer Crothall, Employer Providence, and Employer Compass know that Employee has never before been disciplined for any reason during her tenure working for Employers.

44. Employer Crothall, Employer Providence, and Employer Compass know that months prior, Employee actually broke up a fight between two Hispanic associates, who had previously been the subject of many complaints, and **neither of those Hispanic associate employees were terminated**.

45. Employer Crothall, Employer Providence, and Employer Compass know that another Hispanic associate previously physically threatened a director at the hospital, and that Hispanic associate was also not terminated.

46. Despite that, on July 22, 2024, Employer Crothall, Employer Providence, and Employer Compass terminate Employee's employment, claiming that they are terminating Employee for "physically/verbally threatening an associate" even though Employer Crothall, Employer Providence, and Employer Compass know that Employee did no such thing.

47. Employer Crothall, Employer Providence, and Employer Compass terminate the Employee due to illegal racial  discrimination and national origin discrimination, and in

retaliation for opposing Employer Crothall, Employer Providence, and Employer Compass's discriminatory practices and treatment of her.

48.    The Employee is Sonjia Lashay Shelton.

IV. CAUSES OF ACTION

A. Race Discrimination in Violation of 42 U.S.C. §1981

49.    As described above, Employer Crothall, Employer Providence, and Employer Compass, by and through its agents, including but not limited to Regional Manager Bobby Hall, Supervisor Elva Williams, Supervisor Mary LNU, Lorena Mata, Maria LNU, and the Human Resources Department, intentionally and knowingly discriminated against and harassed Employee Shelton, a United States citizen, merely because of her race and national origin in violation of 42 U.S.C. §1981.

50.    Thus, Employer Crothall, Employer Providence, and Employer Compass sponsored, encouraged and condoned its agents' racial and national origin discrimination and harassment of Employee Shelton.

B. Retaliation in Violation of 42 U.S.C. §1981

51.    As described above, Employer Crothall, Employer Providence, and Employer Compass, by and through its agents, including but not limited to Regional Manager Bobby Hall, Supervisor Elva Williams, Supervisor Mary LNU, Lorena Mata, Maria LNU, and the Human Resources Department, intentionally and knowingly retaliated against Employee Shelton, a United States citizen, merely for opposing Employer Crothall's and Employer Providence's discriminatory practices and treatment of her in violation of 42 U.S.C. §1981.

52.  Thus, Employer Crothall, Employer Providence, and Employer Compass sponsored, encouraged and condoned its agents' retaliation of Employee Shelton.

## V. DAMAGES

53.  As a direct and proximate result of Defendant's discrimination and conduct against Plaintiff, as described above, Plaintiff has suffered harms and losses. Plaintiff's harms and losses include in the past and the future: lost wages and benefits; employment opportunities; lost income; loss of earning capacity; mental anguish; emotional pain and suffering; inconvenience; loss of enjoyment of life; and other non-pecuniary losses.

## VI. ATTORNEY'S FEES

54.  Pursuant to 42 U.S.C. §1988(b)-(c), Plaintiff is entitled to reasonable attorney's fees and reasonable expert fees as costs in prosecuting this lawsuit.

## VII. JURY TRIAL DEMAND

55.  Plaintiff requests that this case be decided by a jury as allowed by Federal Rule of Civil Procedure 38.

## VIII. PRAYER

56.  Plaintiff respectfully prays that she recover from Defendants under the Civil Rights Act of 1866, 42 U.S.C. §1981 and the Civil Rights Act of 1991, 42 U.S.C. §1981a, actual damages, including but not limited to, past and future lost earnings, mental anguish and inconvenience, emotional pain and suffering, loss of enjoyment of life, bodily injury, pain and suffering, economic damages and benefits in the past and future, compensatory damages, punitive damages, pre-judgment interest, post-judgment interest, attorney's fees, costs, and such other and further relief to which she may show herself to be justly entitled, in law and in equity.

**SIGNED** on this March 3, 2025.

Respectfully submitted,

**CHAVEZ LAW FIRM**
2101 Stanton Street
El Paso, Texas 79902
(915) 351-7772

By:

**Enrique Chavez, Jr.**
enriquechavezjr@chavezlawpc.com
TX Bar No. 24001873
**Michael R. Anderson**
manderson@chavezlawpc.com
TX Bar No. 24087103
**Michael M. Osterberg**
mikeosterberg@chavezlawpc.com
TX Bar No. 24108991
*Attorneys for Plaintiff*